# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALFRED PECHA, by and through Patty Pecha-Weber, Next Friend and attorney-in-fact, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV-14-1356-R |
| ED LAKE, Director of the Oklahoma Department of Human Services; and JOEL NICO GOMEZ, Director of the Oklahoma Health Care Authority, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiff originally filed this action seeking relief pursuant to 42 U.S.C. § 1983, alleging that Defendants had failed to timely issue a decision on Mr. Pecha's application for participation in Oklahoma's Medicaid program. On March 23, 2015, Plaintiff filed an Amended Complaint, precipitated in part by Defendants' decision denying his application. In the Amended Complaint, Document Number 25, Plaintiff alleges that the determination regarding his ineligibility for Medicaid benefits violates rights guaranteed by 42 U.S.C. §§ 1396a(a)(8), 1396p(c)(2)(C), 1382b(a)(3), and certain federal regulations, all enforceable pursuant to 42 U.S.C. § 1983. Defendants seek dismissal of the Amended Complaint, asserting that Plaintiff has failed to state a claim and that certain of his requests for relief are barred by the Eleventh Amendment. The Court conducted a hearing on June 30, 2015, and heard arguments from counsel. Having considered the parties' submissions and arguments,

the Court finds as follows.

In the Amended Complaint, Plaintiff characterizes the notice of denial as follows:

On January 9, 2015, OKDHS issued a "Notice of Denial", advising Mr. Pecha the agency was denying his application for Medicaid benefits for the following reasons: (1) transfers of real property and mineral interest located in Alfalfa County, Oklahoma, (2) transfers of property located in Garfield County, Oklahoma, (3) assessment that Mr. Pecha is unable to actively participate in the farming operation, and (4) funding of the AP Farms Trust.

Amended Complaint, ¶ 12. Thereafter Plaintiff alleges, "[a]ll farm property and mineral interests previously transferred have been returned to Mr. Pecha thereby eliminating the underlying reasons [for the denial] (1), (2), and (4) of the above referenced OKDHS "Notice of Denial." Amended Complaint, ¶ 13. Plaintiff also challenged the third basis for DHS denial of his application, asserting that he "actively participates in his farming operation thereby eliminating the underlying issue for reason (3)" of the denial. *Id.* At the hearing the Court queried whether the sole issue remaining for consideration in light of the re-transfer of property to Mr. Pecha was the issue of whether Mr. Pecha was actively engaged in farming operations so as to entitle him to claim an exemption on his properties. *See* 42 U.S.C. § 1382b(a)(3)(including property essential to self support as an exclusion from resources). This issue was included in the Notice of Denial when DHS concluded:

In your cover letter to the July 11, 2014 application, your office claimed that all of the properties described in A, and B. above are exempt because Mr. Pecha actively participates in the farming operation. However, the medical evidence shows Mr. Pecha has multiple medical conditions, including dementia and Alzheimer's disease that significantly affects his cognitive function. Based on the medical records available to DHS, it does not appear Mr. Pecha has had the mental capacity to participate in the farming operation at any time relevant to this decision.

Doc. No. 27-1. As such, and because this issue is disputed, and likely dispositive in light of the

Court's construction of Plaintiff's argument that any resources he currently owns are exempt, the Court finds that despite Defendant's contention that the landscape of the dispute has been altered since Mr. Pecha made his original application for benefits, that there remains an active case or controversy between the parties dismissal on the basis of mootness is inappropriate. The Court further declines Defendants' invitation to exercise its discretion under the doctrine of prudential mootness to dismiss this action pending a new, updated, application for eligibility by Mr. Pecha, which Defendants contend would permit a decision by the Department of Human Services in the first instance based on the fact that certain properties have been returned to him. At this juncture and given Mr. Pecha's advanced age and the length of time taken to assess Mr. Pecha's initial application, the Court finds that dismissal on this basis has the potential to severely prejudice the claimant.

Defendants also argue that the Plaintiff has failed to establish the existence of a cause of action under § 1983. "[T]he primary question in determining whether a statute will support a claim under § 1983 is whether 'Congress intended to confer individual rights upon a class of beneficiaries.'" *Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1179 (10th Cir. 2009) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002)). To answer this question, three factors set out by the Supreme Court are considered:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

*Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997) (internal citations omitted). As conceded by Defendant, numerous decisions from this district have interpreted 42 U.S.C. § 1396a(a)(8) as providing a basis for suit under 42 U.S.C. § 1983 upon denial of Medicaid eligibility. *See e.g. Gragert v. Hendrick*, 2014 WL 287238 (W.D.Okla. Jan. 24, 2014). Furthermore, Defendants cite no authority for concluding that § 1396a(a)(8) presupposes eligibility and permits suits only by those claimants deemed eligible but for some reason not actually receiving their Medicaid benefits. Additionally, the Court finds that pursuant to *Blessing*, § 1396b(a)(3) provides Plaintiff with an unambiguous right, that is not vague and amorphous and creates a binding obligation on the state in that it imposes a standard upon Defendant for consideration of resources, which Plaintiff contends Defendant has violated.

The Court further finds that contrary to Defendants' arguments, the Amended Complaint is sufficient pursuant to Rule 8 of the Federal Rules of Civil Procedure, and therefore the rule provides no basis for dismissal of this action. Plaintiff alleges that Defendant made the determination that he is not entitled to Medicaid benefits, but that despite his ownership interest in certain assets, those properties are not resources for purposes of Medicaid eligibility. Although certain of Plaintiff's allegations could be more clearly stated, Rule 8 does not require that allegations be as complete as possible, only that the pleading contain a clear statement that the plaintiff is entitled to relief. Defendants' motions do dismiss as premised on Rule 8 are denied.

Defendants also contend Plaintiffs' request for declaratory relief for alleged past violations and retrospective injunctive relief must be dismissed. The Supreme Court has

made clear that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n. 10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). In determining whether *Ex parte Young* avoids an Eleventh Amendment bar to suit against state officers sued in their official capacities, the court need only conduct a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002)(citation omitted). The Tenth Circuit has outlined a four-part test to determine the applicability of *Ex parte Young*: (1) the plaintiff is suing state officials, rather than the state itself; (2) the plaintiff has alleged a non-frivolous violation of federal law; (3) the plaintiff seeks prospective equitable relief, rather than retroactive monetary relief from the state treasury; and (4) the suit does not implicate "special sovereignty interests." *Elephant Butte Irrigation Dist. of N.M. v. Department of the Interior*, 160 F.3d 602, 609 (10th Cir.1998). This suit has been brought against individual Defendants Lake and Gomez who are officials of the State of Oklahoma in light of their positions with DHS and the OHCA, respectively. Additionally, Plaintiff has alleged a non-frivolous violation of a federal law, that is, improper consideration of his resources for purposes of determining his eligibility for certain Medicaid benefits. Certain of Plaintiff's claims cannot survive the third hurdle, because although he in part seeks prospective injunctive relief, he also seeks a

declaratory judgment. Plaintiff's claim for declaratory relief cannot stand even in light of *ex parte Young*, "[b]ecause the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Bernard v. Kan. Health Policy Auth.*, 2011 U.S. Dist. LEXIS 19698, *16, 2011 WL 768145 (D. Kan. Feb. 28, 2011)(quoting *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)(quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf&Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993))). With regard to Plaintiff's request for any back benefits the Court may conclude he is entitled to, the Court finds that although such relief would include certain payments from the state treasury, that such payments extending back three months prior to any order of the Court that might grant Plaintiff relief would not run afoul of the Eleventh Amendment in light of 42 U.S.C. § 1396a(a)(34). *See Fortmann v. Starkowski,* 2011 U.S. Dist. LEXIS 110643, *5, 2011 WL 4502906 (D.Conn. 2011); *Morenz v. Wilson-Coker,* 415 F.3d 230, 237 (2d Cir. 2005). Any attempt to obtain retroactive benefits for any period prior to the three month mark, however, should the Court determine the State erred in concluding Plaintiff was not eligible for benefits, would be foreclosed. Accordingly, to the extent consistent with the above, the Court finds that Plaintiff is entitled to rely on *Ex parte Young* in support of his contention that this Court has jurisdiction over his request for prospective injunctive relief but not for his request for declaratory relief. Defendants' motions to dismiss are granted in part as set forth above.

For the reasons set forth herein, Defendants' motions to dismiss are hereby GRANTED in part and DENIED in part.

IT IS SO ORDERED this 21st day of July, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE