## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALFRED PECHA, by and through** | ) | |
| **Patty Pecha-Weber, Next Friend and** | ) | |
| **attorney-in-fact,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-14-1356-R** |
| | ) | |
| **ED LAKE, Director of the Oklahoma** | ) | |
| **Department of Human Services; and** | ) | |
| **JOEL NICO GOMEZ, Director of the** | ) | |
| **Oklahoma Health Care Authority,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff originally filed this action seeking relief pursuant to 42 U.S.C. § 1983, alleging that Defendants had failed to timely issue a decision on Mr. Pecha's application for participation in Oklahoma's Medicaid program. Defendants thereafter denied Mr. Pecha's application for benefits. Defendants sought dismissal of Plaintiff's Amended Complaint, which the Court granted in part and denied in part. Specifically the Court concluded that Plaintiff could not pursue declaratory relief against the Defendants but that he could seek prospective injunctive relief, and that retroactive benefits would be appropriate as ancillary to injunctive relief. On March 9, 2016, Defendants filed a Suggestion of Mootness and Motion to Dismiss, precipitated by the death of Mr. Pecha on March 6, 2016. (Doc. No. 50). In response Plaintiffs objected and sought to substitute Patty Pecha-Weber, personal representative of Mr. Pecha's estate, as the Plaintiff. (Doc. No. 53). Defendants filed a reply

brief supporting their motion as well as a response in opposition to the motion for substitution (Doc. No. 60).

Defendants contend that in light of Mr. Pecha's death, this action has become moot, because the Court cannot grant prospective injunctive relief, the relief available to Mr. Pecha that did not run afoul of the Eleventh Amendment. In response Ms. Pecha-Weber characterizes the issue as:

> [W]hether the award of benefits under an open and pending Medicaid application granted back to the application date is a retroactive damage award against the State of Oklahoma, or whether it is ancillary to and in furtherance of a prospective injunction under 42 U.S.C. § 1396a(a)(34).

Doc. No. 53, p. 2. She argues that because § 1396a(a)(34) authorizes retroactive payments, that the Court could order such in furtherance of prospective injunctive relief and therefore, the case is not moot. Defendants reply by asserting that the brief filed on behalf of Plaintiff misstates the current issue, which they contend is whether Mr. Pecha's death has rendered this case moot, because the only relief the Court can provide in accordance with the Eleventh Amendment is prospective injunctive relief, which is clearly no longer possible. Therefore, Defendants argue payment of retroactive benefits is no longer possible in the context of this case, because such payments are ancillary to prospective injunctive relief, and without the availability injunctive relief, there is nothing to which payments can be attached or in furtherance of.

Regardless of the extent of relief available in the form of retroactive payments, Courts have consistently concluded that such payments, if ordered "would be an incident of

complying with the court's prospective order. The back payments authorized by statute, therefore, would be necessary to comply with the court's prospective order." *Bernard v Kansas Health Policy Auth.*, 2011 WL 768145 (D.Kan. Feb. 28, 2011). Here, however, the death of Mr. Pecha renders prospective injunctive relief impossible and therefore, the incidental back benefits sought cannot be tied to any prospective injunctive relief. As such, the Court finds that this action should be dismissed.

IT IS SO ORDERED this 18th day of May, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE